108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael HERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Akh-ddq-mub.
 BIA
 REVIEW DENIED.
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Hernandez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying his request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, Tukhowinich, 64 F.3d at 463.
 
 
 4
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 Hernandez contends that the BIA abused its discretion by denying his request for suspension of deportation because the BIA failed to consider the factors relating to extreme hardship. This contention lacks merit.
 
 
 6
 First, while some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Hernandez's claim that he will have difficulty securing comparable employment in Mexico does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 7
 Second, because neither Hernandez's wife nor his Hernandez's children are lawful permanent residents, we cannot consider any hardship that may befall them. See 8 U.S.C. § 1254(a)(1). In addition, Hernandez's claim that he will suffer emotional hardship upon return to Mexico does not, without evidence of that he would leave his undocumented alien children in the United States, constitute extreme hardship. See Patel, 638 F.2d at 1206 (9th Cir.1980).
 
 
 8
 We conclude that the BIA properly considered all the relevant factors and did not abuse its discretion by affirming the IJ's denial of suspension of deportation based upon Hernandez's failure to establish extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3